UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRICK S. HOUSTON, JR.,

    Plaintiff(s),

v.

WEIR, et al.,

    Defendant(s).

Case No.: 2:18-cv-00033-GMN-NJK

**ORDER**

[Docket Nos. 21, 22]

Pending before the Court are Plaintiff Brick Shalako Houston, Jr's motions to compel discovery and for sanctions. Docket Nos. 21, 22. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motions are **DENIED** without prejudice. Docket Nos. 21, 22.

**I.    Background**

On January 8, 2018, Plaintiff filed an application to proceed *in forma pauperis* and attached his complaint. Docket No. 1. Plaintiff's complaint alleges five counts of civil rights violations under 42 U.S.C. 1983. Docket No 1-1 at 3-10. On November 8, 2018, the Court granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint. Docket No. 4 at 1. The Court ordered that portions of Plaintiff's claims could proceed, but ordered that some Defendants were dismissed without prejudice because the complaint did not allege colorable claims against them. *Id*. at 12-14. The Court further ordered the Clerk's Office to issue summons for Defendants

1

Deas, Kincade, Kelsey, and Snyder. *Id*. at 13. The Court's order included instructions regarding service on these Defendants. *Id*. at 13-14.

On December 19, 2018, Plaintiff field a motion to attempt service on all unserved Defendants. Docket No. 12. The Court denied Plaintiff's motion on January 8, 2019, because he failed to identify the appropriate information required to effectuate service. Docket Nos. 12, 17. On January 2, 2019, Plaintiff filed a motion to waive service of summons on the unserved Defendants. Docket No. 15. The Court denied this request, pursuant to Federal Rule of Criminal Procedure 4. Docket No. 18. On February 12, 2019, Plaintiff filed a motion to compel discovery, which the Court denied on February 28, 2019. Docket Nos. 19, 20.

Plaintiff now asks the Court to compel Defendants to produce their phone numbers and badge numbers, and to impose a sanction of $300 against Defendants for "intentionally not allowing discovery." Docket No. 21 at 1-2. Plaintiff submits that the Court's denial of his earlier motion constitutes "bias" against him and demonstrates a plan to prevent or delay the U.S. Marshals from completing service. *Id*. at 2. Plaintiff further submits that, because of this bias, the Court should waive service and appoint a mediator to settle this case. *Id*.

**II.    Analysis**

*A. Recusal*

Without explanation or elaboration, Plaintiff submits that the undersigned exhibits bias by denying Plaintiff's previous motions, at least in part, because of his ethnic background and incarcerated status. Docket No 21 at 1-2.

The Court construes Plaintiff's motion as seeking recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts construe *pro se* filings liberally). The substantive standard for recusal under both sections is the same: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Ordinarily, any alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events

occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

The undersigned has no personal feelings of bias toward Plaintiff on any basis, let alone his ethnic background or incarcerated status. Plaintiff has not pointed to any basis on which a reasonable observer could question whether such impartiality exists. The underlying motivation for Plaintiff's request seems to be that he is unhappy with the undersigned's earlier rulings. Docket No. 21 at 1-2; *see also* Docket Nos. 18, 20. Unhappiness with a judge's rulings is not ground for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("a judge's prior adverse ruling is not sufficient cause for recusal").

Accordingly, Plaintiff's motion for the undersigned to recuse, Docket No. 21, is **DENIED**.

## B. Motion to Compel and for Sanctions

In prisoner civil rights cases, such as the instant case, the Court enters a scheduling order governing discovery after defendants file an answer, a motion to dismiss, or otherwise appear. Local Rule 16-1(b); *see also Vontress v. Nevada*, 2019 WL 1767887, at *2-3 (D. Nev. April 22, 2019). Once the court enters a scheduling order, the parties are permitted to engage in discovery. *See* Fed. R. Civ. P. 16; *see also Vontress*, 2019 WL 1767887, at *2. In discovery, parties are entitled to discover non-privileged information that is relevant to a party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

In this case, Defendants have not been served and, thus, have not yet appeared in any manner. *See* Docket. Therefore, the Court has not yet entered a scheduling order and the time period for discovery has not started.[1] As a result, no discovery can be compelled at this time and sanctions are not appropriate.

---

[1] Even if a scheduling order had been entered, Plaintiff did not engage in a proper meet and confer. Docket No. 21 at 3-4.

3

Accordingly, Plaintiff's motion to compel, Docket No. 21, is **DENIED** without prejudice. Further, Plaintiff's motion for sanctions is **DENIED**.

IT IS SO ORDERED.

Dated: May 10, 2019

Nancy J. Koppe
United States Magistrate Judge