|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

BRICK SHALAKO HOUSTON, JR, )
)
         Plaintiff, )   Case No.: 2:18-cv-00033-GMN-NJK
  vs. )
) **ORDER**
WEIR, *et al.*, )
)
         Defendants. )
)

Pending before the Court is the Second Amended Complaint, (ECF No. 14), filed by *pro se* Plaintiff Brick Shalako Houston, Jr ("Plaintiff").[1] As Plaintiff filed this complaint without leave from the Court, the Court construes this filing as a Motion for Leave to File a Second Amended Complaint. For the reasons stated herein, Plaintiff's Motion for Leave is **GRANTED**.

I. **DISCUSSION**

This case arises from alleged civil rights deprivations that occurred while Plaintiff was a pretrial detainee at the Clark County Detention Center ("CCDC"). On November 8, 2018, the Court entered an order screening Plaintiff's First Amended Complaint. (Screening Order, ECF No. 4). In the Screening Order, the Court permitted certain claims to move forward while dismissing the remaining claims either with or without prejudice.

On January 2, 2019, Plaintiff filed his Second Amended Complaint, in which he attempts to cure deficiencies raised in the Screening Order. (Mot. for Leave, ECF No. 14). An amended complaint supersedes the original complaint, and therefore the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Here, Plaintiff's Second Amended Complaint merely incorporates the prior complaint by reference and thus fails to meet this standard. The Court therefore strikes the Second Amended Complaint from the record.

Nonetheless, to the extent Plaintiff seeks leave to cure the deficiencies raised in the Screening Order, the Court grants Plaintiff thirty (30) days from the date this Order is entered to file a renewed second amended complaint. The Court notes, however, that Plaintiff should file the second amended complaint only if he is able to cure the deficiencies stated in the Screening Order.

Furthermore, if Plaintiff chooses to file a second amended complaint, the Court reemphasizes that such a filing supersedes the original complaint, and therefore the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc.,* 896 F.2d at 1546. To meet this requirement, Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Furthermore, the Court notes that Plaintiff's second amended complaint shall be subject to the screening requirements of 28 U.S.C. § 1915A. If Plaintiff chooses not to file a second amended complaint, the action will move forward on the remaining claims in Plaintiff's First Amended Complaint as stated in the Screening Order.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint, (ECF No. 14), is **GRANTED consistent with the foregoing**.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days to file a second amended complaint curing the deficiencies outlined in the Screening Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of the Screening Order, (ECF No. 4), and a copy of his First Amended Complaint, (ECF No. 5).

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a second amended complaint, he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption. The second amended complaint will be subject to the screening requirements of 28 U.S.C. § 1915A.

**DATED** this __18__ day of June, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge