# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRICK SHALAKO HOUSTON, JR., | Case No.: 2:18-cv-00033-GMN-NJK |
| Plaintiff(s), | **ORDER** |
| v. | (Docket Nos. 61, 63) |
| WEIR, et al., | |
| Defendant(s). | |

Pending before the Court are Plaintiff's motions to extend his copy work limit and for extra blank paper and access to brass slips and legal envelopes. Docket Nos. 61, 63. No responses were filed.

**A. Copy Work Limit**

An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC regulations, inmates can only accrue a maximum of $100 debt for copy work expenses for all cases. *See, e.g.*, *Weddle v. Baker*, 2014 U.S. Dist. Lexis 151674, *3 (D. Nev. Oct. 27, 2014). "In this district, courts have found that they can order a prison to extend limited photocopying when it is necessary for an inmate to provide copies to the Court and other parties." *Id.* (citing *Allen v. Clark Cnty. Det. Ctr.*, 2011 U.S. Dist. Lexis 31756 (D. Nev. Mar. 11, 2011)).

In reviewing the record of this case, the Court finds a copy work limit increase of $10.00 to be appropriate. To be clear, that money is to be used <u>for this case</u>. Plaintiff's motion for extra blank paper and access to brass slips and legal envelopes references four other cases of his. *See* Docket No. 63 at 1. Any need to increase Plaintiff's copy work limit as to those other cases must be addressed through separate motions filed in those other cases. Further, Plaintiff shall be judicious in his use of the money provided herein. The Court will not be inclined to grant further

increases absent a showing that the money provided herein was used cautiously, but ultimately proved insufficient.

### B. Extra Blank Paper and Access to Brass Slips and Legal Envelopes

Plaintiff submits that he has "approximately five active cases" for which he needs access to "more paper," "more legal envelopes," and brass slips. Docket No. 63 at 1. Plaintiff submits that the law library clerk refuses to send him brass slips, which he needs to be able to send legal mail to the Court without being delayed, and that he has to ask three or four times for "supplies" because "the staff" only make rounds for count or to pass out the phone. *Id.* at 1–2.

As an initial matter, the Court considers this motion only as to this case; any requests made as to other cases must be addressed through separate motions filed in those other cases. As for this case, Plaintiff does not specifically state whether he needs more paper or access to brass slips and legal envelopes. Further, Plaintiff fails to identify a deadline he cannot meet because of his alleged lack of paper or his inability to get brass slips or legal envelopes. Indeed, although it might be inconvenient to have to request supplies more than once, assuming that is true, it does not appear that Plaintiff has had any trouble in meeting, or has missed, any deadlines. *See* Docket. Moreover, if Plaintiff is ever at risk of missing a deadline, he may file a motion to extend the given deadline if supported by good cause. Thus, the Court will deny this motion without prejudice.

### C. Conclusion

Accordingly, Plaintiff's motion to extend his copy work limit is **GRANTED** in part and **DENIED** in part in that his copy work limit shall be increased by $10.00. Docket No. 61. Further, Plaintiff's motion for extra blank paper and access to brass slips and legal envelopes is **DENIED** without prejudice. Docket No. 63.

IT IS SO ORDERED.

Dated: August 13, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

2