# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRICK SHALAKO HOUSTON, JR.,

    Plaintiff,

v.

WEIR, et al.,

    Defendants.

Case No. 2:18-cv-00033-GMN-NJK

**ORDER**

[Docket No. 123]

    Pending before the Court is a motion to extend or stay the deadline to file dispositive motions filed by Defendants Kincaid, Deas, and Kelsey ("Defendants"). Docket No. 123. The Court has considered Defendants' motion. Plaintiff did not file a response, and the time to do so has now passed. *See* Docket. The motion is properly resolved without a hearing. *See* LR 78-1.

    A motion to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension. LR 26-3; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).[1] The "good cause" inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. Although prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

---

[1] The "good cause" standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

Defendants submit that good cause exists to extend the deadline to file dispositive motions until 30 days after the Court rules on their pending motion to dismiss. Docket No. 123 at 3. In their pending motion to dismiss, Defendants submit that federal courts have dismissed at least three of Plaintiff's cases for frivolousness or failure to state a claim upon which relief can be granted. Docket No. 117 at 4. Defendants, therefore, ask the Court to revoke Plaintiff's *in forma pauperis* status and dismiss the instant case. *Id.*

On March 4, 2021, the Court stayed the dispositive motion deadline on a temporary basis to allow full briefing of the instant motion. Docket No. 127. Plaintiff, however, failed to file a response to the instant motion or request an extension to file a response. *See* Docket. Plaintiff's failure to respond to Defendants' motion constitutes a consent to the granting of the motion. *See* LR 7-2(d). Further, in examining the merits of the motion, the Court finds that good cause exists to grant Defendants' request.

Accordingly, Defendants' motion to extend the deadline to file dispositive motions, Docket No. 123, is hereby **GRANTED**. The deadline to file dispositive motions is extended until 30 days after the Court rules on Defendants' pending motion to dismiss. The deadline to file a joint pretrial order is extended until 30 days after the deadline to file dispositive motions. If dispositive motions are filed, the deadline for filing the joint pretrial order is suspended until 30 days after decision on the dispositive motions or further Court order.

IT IS SO ORDERED.

DATED: March 23, 2021.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE