**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRICK SHALAKO HOUSTON, JR, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:18-cv-00033-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| WEIR., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Revoke Plaintiff Brick Shalako Houston, Jr.'s ("Plaintiff's") In Forma Pauperis Status and Dismiss the Case, (ECF Nos. 117–18), filed by Defendants Ronald Kincaid, Deavery Deas, and Kenneth Kelsey (collectively, "Defendants"). Plaintiff filed a Response, (ECF No. 122), and Defendants filed a Reply, (ECF No. 126).

For the reasons discussed below, the Court **GRANTS in part** Defendants' Motion.

Plaintiff is a prisoner proceeding pro se. On January 8, 2018, Plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis. (ECF Nos. 1, 1-1). The Court initially granted Plaintiff's application to proceed in forma pauperis. (Screening Order, ECF No. 4).

Under the Prison Litigation Reform Act ("PLRA"), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed in forma pauperis and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

On at least 3 prior occasions, federal district courts have dismissed civil actions that Plaintiff commenced while in detention as frivolous or for failure to state a claim upon which

any relief may be granted.[1]  Here, the Complaint does not allege that Plaintiff was in imminent danger; rather, it concerns allegations of property deprivation, retaliation, and searches of Plaintiff's personal effects. (*See generally* Compl., ECF No. 1-1).  Therefore, under the PLRA's three-strikes provision, Plaintiff must pay the $400.00 filing fee in full.

However, the Court is not persuaded that it must immediately dismiss the action and require Plaintiff to file a new case with the requisite filing fee.  The PLRA does not mandate dismissal of a three-strike offender's complaint; rather, it merely restricts a plaintiff from bringing the action in forma pauperis. *See* 28 U.S.C. § 1915(g).  "The Ninth Circuit has found that issues surrounding the denial of an application to proceed in forma pauperis become moot upon a litigant's paying of the filing fee." *Gray v. Cogdell*, No. 2:14-cv-0473 KJM EFB P; No. 2:11-cv-2103 KJM EFB P, 2015 U.S. Dist. LEXIS 133515, at *4–*5 (E.D. Cal. Sept. 30, 2015) (collecting cases and opting to provide plaintiff thirty days to pay the filing fee instead of dismissing the action under the three-strikes rule).  Therefore, the Court will provide Plaintiff thirty (30) days to pay the filing fee to allow this case to proceed.  Failure to timely pay the filing fee will result in dismissal without prejudice.

//
//
//
//
//

---

[1] *See Houston v. McGinnis, et al.*, 1:92-cv-280-RHB-JGS (W.D. Mich. 1992) (complaint dismissed as frivolous on May 11, 1992); *Houston v. Vidor, et al.*, 4:92-cv-35-BFG-HWB (W.D. Mich. 1992) (complaint dismissed as frivolous on April 24, 1992); and *Houston v. Skulnick, et al.*, 3:07-cv-00459-BES-VPC (D. Nev. 2007) (complaint dismissed for failure to state a claim on October 23, 2007). The Court takes judicial notice of the prior records in the above matters.  The Court also notes that, pursuant to *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997), actions dismissed for frivolity, maliciousness, or for failure to state a claim prior to the effective date of the Prison Litigation Reform Act of 1996 are included in the 28 U.S.C. § 1915(g) calculation for three strikes. *Id.* at 1311.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DEFERS** ruling on Defendants' Motion to Dismiss, (ECF No. 117).

**IT IS FURTHER ORDERED** that the Defendants' Motion to Revoke Plaintiff's IFP Status, (ECF No. 118), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the filing fee within thirty (30) days from entry of this Order. Failure to pay the filing fee will result of dismissal of this action without prejudice.

Dated this  23  day of March, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT